**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PAMELA R. RICKARD,

              **Plaintiff,**

   vs.                              **Case No. 2:21-cv-2495**

FARMERS GROUP, INC. a/k/a
FARMERS INSURANCE EXCHANGE
P.O. Box 4461
Woodland Hills, CA 91365,

              **Defendant.**

## COMPLAINT

COMES NOW Plaintiff Pamela R. Rickard and for her age discrimination and retaliation claims against defendant Farmers Group, Inc. a/k/a Farmers Insurance Exchange states:

1. This case arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA).

2. Plaintiff was born in February 1959.

3. At all relevant times, plaintiff has been a resident of the State of Kansas.

4. Defendant Farmers Group, Inc. a/k/a Farmers Insurance Exchange is an insurance organization organized under a provision in the California Insurance Code.

5. The name of the employer on plaintiff's most recent W-2 form is Farmers Group, Inc.

6. In its response to plaintiff's EEOC charge of discrimination, defendant stated that its correct name as Farmers Insurance Exchange.

7. Throughout plaintiff's employment and at the time of her termination in January 2021, defendant was an "employer" within the meaning of ADEA in that it employed 20 or more employees.

8. Plaintiff began working for defendant in 2009 as a Customer Service Associate (CSA).

9. At the time of her termination, plaintiff's title was Senior Customer Service Associate.

10. Throughout her employment, plaintiff worked for defendant in Johnson County, Kansas.

11. This Court has federal question subject matter jurisdiction over plaintiff's ADEA claim pursuant to 28 U.S.C. § 1331.

12. This Court has personal jurisdiction over the parties.

13. Venue is proper in this Court.

14. Throughout her employment with defendant, plaintiff performed her duties diligently.

15. Throughout her employment with defendant, plaintiff performed her duties competently.

16. Throughout her employment with defendant, plaintiff performed her duties professionally.

17. Throughout her employment with defendant, plaintiff was never given any disciplinary action

18. Plaintiff consistently received good performance reviews from defendant.

19. As of 2020, plaintiff was the oldest employee on her team.

20.     In 2020, defendant decided to reduce its workforce.

21.     In 2020, defendant targeted older employees in its plan to reduce its workforce.

22.     On information and belief, defendant wanted to reduce its number of older employees to reduce its expenses for healthcare.

23.     On information and belief, defendant wanted to reduce its number of older employees because they were more vulnerable to the COVID virus.

24.     In late 2020 defendant offered early retirement incentives to employees who were age 55 and older and who had been employed for five years or more.

25.     In exchange for an early retirement incentive, defendant asked employees like plaintiff to sign a waiver of rights under the ADEA.

26.     Plaintiff declined early retirement because she enjoyed her job and wanted to continue working until at least age 70.

27.     Immediately after plaintiff declined early retirement and refused to waive her rights under the ADEA, defendant began looking for reasons to terminate her.

28.     In December 2020, defendant falsely accused plaintiff of "work avoidance," when all she did was transfer certain calls to the proper person, which is what she had been trained to do and what she did for years without being criticized or disciplined.

29.     Other CSAs on plaintiff's team, who were younger and who had not refused to waive their rights under the ADEA, were not scrutinized in the same manner as plaintiff.

30.    Other CSAs on plaintiff's team, who were younger and who had not refused to waive their rights under the ADEA, were not held to the same standards as plaintiff.

31.    Other CSAs on plaintiff's team, who were younger and who had not refused to waive their rights under the ADEA, were not disciplined or terminated for engaging in the same or similar conduct as plaintiff.

32.    Defendant terminated plaintiff on January 8, 2021.

33.    Defendant treated plaintiff in a discriminatory manner, and violated its own policies and practices, by failing and refusing to give plaintiff the benefit of progressive discipline before terminating her employment.

34.    The purported reasons for plaintiff's termination were a pretext for age discrimination in that they were fabricated, exaggerated, and inconsistent with how defendant treated younger employees.

35.    On March 19, 2021, plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC).

36.    The EEOC issued a right to sue notice with respect to plaintiff's charge of discrimination on August17, 2021.

37.    Plaintiff has met all administrative requirements and deadlines for filing this lawsuit.

38.    Defendant terminated plaintiff's employment because of her age and/or in retaliation for her refusal to waive her rights under the ADEA.

39.    Defendant thereby violated plaintiff's rights under the Age Discrimination in Employment Act.

40.     On information and belief, plaintiff's termination was part of a pattern or practice of age discrimination by defendant.

41.     As a direct result of her unlawful termination, plaintiff sustained damage in the form of lost wages and benefits.

42.     Defendant's violation of plaintiff's rights under the ADEA was willful within the meaning of 29 U.S.C. § 626(b).

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, plaintiff seeks entry of judgment against defendant, together with an award of actual damages for past and future lost wages and benefits, liquidated damages, reinstatement and/or other equitable relief, attorney fees, costs, expenses, and such other relief as the Court deems proper.

<b><u>JURY TRIAL DEMAND</u></b>

Plaintiff requests a jury trial on every issue so triable.

<b><u>DESIGNATION OF PLACE OF TRIAL</u></b>

Plaintiff designates the place of trial as Kansas City, Kansas.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By  /s/ *Larry M. Schumaker*
        Larry M. Schumaker        D. Kan. #70450

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:    816.941.9994
Facsimile:    816.941.8244
E-mail:        lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF